1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RUNAKO MAGEE,

11              Petitioner,                No. CIV S-09-0047 GGH P

12        vs.

13   JAMES WALKER, et al.,                 ORDER AND

14              Respondents.               FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed

18   December 16, 2008.  Petitioner challenges his 1999 first degree murder conviction for which he

19   is serving a sentence of twenty-five years to life.

20              The petition raises one claim: denial of the right to confront witnesses.  In

21   particular, petitioner argues that the trial court erred in finding Nicole Garrott unavailable as a

22   witness.  Petitioner alleges that the prosecution did not demonstrate due diligence in attempting

23   to locate Garrott.  After determining that Garrot was unavailable, the trial court admitted

24   Garrott's preliminary hearing testimony as well as her statements to police.

25              Pending before the court is respondent's June 29, 2009, motion to dismiss on

26   grounds that this action is barred by the statute of limitations.  For the following reasons, the

                                            1

1  court recommends that respondent's motion be granted.

2          The statute of limitations for federal habeas corpus petitions is set forth in 28

3  U.S.C. § 2244(d)(1):

4          A 1-year period of limitation shall apply to an application for a writ
           of habeas corpus by a person in custody pursuant to the judgment
5          of a State court.  The limitation period shall run from the latest of–

6          (A) the date on which the judgment became final by the conclusion
           of direct review or the expiration of the time for seeking such
7          review;

8          (B) the date on which the impediment to filing an application
           created by State action in violation of the Constitution or laws of
9          the United States is removed, if the applicant was prevented from
           filing by such State action;
10

11         (C) the date on which the constitutional right asserted was initially
           recognized by the Supreme Court, if the right has been newly
           recognized by the Supreme Court and made retroactively
12         applicable to cases on collateral review; or

13         (D) the date on which the factual predicate of the claim or claims
           presented could have been discovered through the exercise of due
14         diligence.

15         On May 22, 2002, the California Supreme Court denied petitioner's petition for

16  review.  Respondent's Exhibit B.  Petitioner's conviction was final ninety days later on August

17  20, 2002.  Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) (conviction is final after time for filing a

18  petition for writ of certiorari in Supreme Court has run).  Petitioner had one year from that date,

19  i.e. until August 20, 2003, to file a timely federal petition. The instant action is not timely.

20         In his opposition to the pending motion, petitioner argues that the limitations

21  period is governed by 28 U.S.C. § 2244(d)(1)(D), i.e. the date on which the factual predicate of

22  the claim could have been discovered through the exercise of due diligence.  Petitioner argues

23  that the limitations period runs from November 27, 2007, which is the day he first learned the

24  whereabouts of Garrott.  Petitioner alleges that he made contact with Garrott on November 27,

25  2007, and questioned her regarding her testimony at the preliminary hearing and her failure to

26  appear at trial.

1    Hearsay is admissible when the statement bears adequate "indicia of reliability"

2    and the witness is "unavailable." <u>Ohio v. Roberts</u>, 448 U.S. 56, 100 S.Ct. 2531 (1980).[1]  A

3    witness is "unavailable" only if "the prosecutorial authorities have made a good-faith effort to

4    obtain [her] presence at trial." <u>Barber v. Page</u>, 390 U.S. 719, 724-25, 88 S.Ct. 1318 (597).

5    Petitioner's arguments in the opposition are unrelated to his claim that the

6    prosecution did not make a good faith effort to locate Garrott prior to his trial.  Petitioner makes

7    no claim that in 2007 Garrott had information regarding the prosecution's attempts to locate her

8    prior to trial.   Moreover, petitioner has not demonstrated that he, himself, used due diligence in

9    his attempt to locate Garrott.  <u>See</u> 28 U.S.C. § 2244(d)(1)(D) (statute of limitations runs from

10   date on which the factual predicate of the claim or claims presented could have been discovered

11   through the exercise of due diligence).  For these reasons, the court finds that petitioner's

12   argument that the limitations period runs from the date he located Garrott is without merit.

13   28 U.S.C. § 2254(d)(2) provides that the time during which a properly filed

14   application for state post-conviction or other collateral review with respect to the pertinent

15   judgment or claim is pending shall not be counted toward any period of limitation under this

16   section.

17   Petitioner filed his first state habeas petition on January 11, 2008.  Respondent's

18   Exhibit C.  Because petitioner did not seek post-conviction relief until the limitations period had

19   run, he is not entitled to statutory tolling.  <u>Jiminez v. Rice</u>, 276 F.3d 478 (9th Cir. 2001).

20   In his opposition, petitioner makes no argument in support of equitable tolling.

21   Instead, he argues that the statute of limitations should be tolled because he is actually innocent

22   based on newly discovered evidence, i.e. the sworn declaration by Garrott that petitioner did not

23

24    [1] In <u>Crawford v. Washington</u>, 541 U.S. 36, 124 S.Ct. 1354 (2004), the Supreme Court changed the standards for analyzing claims alleging Confrontation Clause violations.  Because

25   <u>Crawford</u> does not apply retroactively, <u>Whorton v. Bockting</u>, 549 U.S. 406, 127 S.Ct. 1173 (2007), the court applies the rule in effect at the time of petitioner's conviction set forth in <u>Ohio</u>

26   <u>v. Roberts</u>, <u>supra</u>.

1  make the statements implicating himself in the murder as testified to by prosecution witness

2  Detective Mathew.  In support of this actual innocence claim petitioner makes no argument that

3  he has any newly discovered evidence demonstrating that the prosecution did not use due

4  diligence in attempting to locate Garrott.  In essence, petitioner is raising a new claim in his

5  opposition.

6        Even if petitioner properly raised his actual innocence claim, the court would find

7  that it is not based on newly discovered evidence.  In support of this new claim, in the opposition

8  petitioner reiterates Garrott's statements admitted at trial.  At trial, Detective Mathews testified

9  that Garrott told him that petitioner told her that he shot the victim because he believed that the

10  victim had burglarized the home of his co-defendant's sister.  At the preliminary hearing, Garrott

11  denied that petitioner made admissions to her regarding his motive to shoot the victim.  Garrott

12  testified that the police put words in her mouth.  In the opposition, petitioner then references a

13  sworn declaration by Garrott regarding her "false testimony."  As discussed above, petitioner

14  does not attach this declaration to his opposition and nor does he describe its contents.

15  Petitioner's opposition suggests that the information in Garrott's sworn declaration, assuming it

16  exists, contains statements similar to her preliminary hearing testimony.  For these reasons,

17  petitioner's actual innocence claim is not based on newly discovered evidence.  Rather, it is

18  based on evidence in the trial record.

19        In any event, this court has previously found that actual innocence claims are

20  subject to the statute of limitations.  Neither the Supreme Court nor the Ninth Circuit has yet

21  reached the conclusion that the strenuous Schlup "fundamental miscarriage of justice standard" is

22  adequate to override or even to be applied to the statute of limitations set forth in the AEDPA

23  statute.  Reply, pp. 3-4, citing Majoy v. Roe, 296 F.3d 770, 775-76 (9th Cir. 2002).

24        Majoy does not answer the question, should petitioner fall within that "narrow

25  class implicating a fundamental miscarriage of justice[,] ....whether surviving the rigors of this

26  gateway has the consequence of overriding AEDPA's one-year statute of limitation...."  Majoy

4

1  v. Roe, 296 F.3d at 776.  Indeed, the Majoy court expressly found that that question had not been

2  reached either in the Ninth Circuit or by the U.S. Supreme Court, id., *and that it was premature*

3  *for the Majoy court to decide the legal issue unless and until the district court found that its*

4  *petitioner could actually pass through the Schlup gateway*.  The district court was to have first

5  crack at the legal issue as well.  Thus, the undersigned finds this case in precisely the same

6  posture as Majoy at the time of remand.[2]

7  This court has at times noted in the context of the equitable tolling inquiry that the

8  limitations period may be equitably tolled, or simply not applied, in a situation where the habeas

9  petitioner makes a colorable demonstration of actual innocence.  See Miller v. Marr, 141 F.3d

10  976, 978 (10th Cir. 1998) (intimating that the AEDPA limitations period may be unconstitutional

11  if a claim of actual innocence were at stake); United States v. Zuno-Acre, 25 F. Supp. 2d 1087,

12  1099-1100 (C.D.Cal. 1998) (holding that there is a "miscarriage of justice gateway" to non-

13  application of the AEDPA limitations period).  Some courts have suggested that dismissal of

14  actual or legal innocence claims on grounds that they are barred by the statute of limitations

15  violates the Suspension Clause (U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas

16  Corpus may not be suspended, unless when in Case of Rebellion or Invasion the public Safety

17  may require it.")).  See Rodriguez v. Artuz, 990 F.Supp. 275, 283 (S.D.N.Y. 1998), affirmed, 161

18  F.3d 763 (2nd Cir. 1998) ("where no claim of actual or legal innocence was raised, as long as the

19  procedural limits on habeas leave petitioners with some reasonable opportunity to have their

20  claims heard on the merits...[there is no] suspension of the writ.") See also Johnson v. Knowles,

21  541 F.3d 933 (9th Cir. 2008), where the parties assumed the applicability of Schlup to a statute of

22  limitations issue, and so therefore did the court.  Nevertheless, the authority from other circuits

23  dispels the preliminary blush that the AEDPA limitations statute has an omnibus, unwritten,

24  actual innocence exception.

25  _____

26  [2] The undersigned is unaware of any published opinion after remand.

The First Circuit has opined, in <u>David v. Hall</u>, 318 F.3d 343, 347 (1st Cir. 2003):

> Nothing is changed here by David's claim of actual innocence, a claim itself derived from his mistaken-colloquy argument. In general, defendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming: pre-trial motions must be filed on time, timely appeals must be lodged, and habeas claims must conform to AEDPA.  In particular, the statutory one-year limit on filing initial habeas petitions is not mitigated by any statutory exception for actual innocence even though Congress clearly knew how to provide such an escape hatch.

The court is persuaded by the <u>David</u> rationale that claims of actual innocence are required to be brought diligently the same as any other claim.  <u>See</u> <u>also</u>, <u>Araujo v. Chandler</u>, 435 F.3d 678, 681 (7th Cir. 2005) (finding "actual innocence" claim must fit within the provisions of § 2244(d)(1)(D) to be timely and that petitioner did not exercise due diligence in bringing facts of claim to federal court)[3]; <u>Flanders v. Graves</u>, 299 F.3d 974, 978 (8th Cir. 2002) (while not holding that actual innocence is irrelevant in the equitable tolling context, finding that a petitioner would, at a minimum, have to show diligence); <u>Cousin v. Jenning</u>, 310 F.3d 843, 849 (5th Cir. 2002) (finding no explicit exemption for actual innocence claim under § 2244(d) and such claims relevant to timeliness only if they warrant equitable tolling of the limitations period); <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 2000) ("actual innocence claim ...does not constitute a 'rare and exceptional circumstance....'").

Indeed, the AEDPA statute of limitations *does not even commence to run* until the factual predicate for the claim could have become known with reasonable diligence.  28 U.S.C. § 2244(d)(1)(D).  It becomes absurd to think that one who knows, or should know, of a claim for actual innocence may pocket the claim, and only spring it years or decades after the fact.  In essence, a suspension or ignoring of the AEDPA statute of limitations is not necessary for claims of actual innocence.

---

[3] The Seventh Circuit has also determined that "actual innocence is not a freestanding exception to the statute." <u>Araujo</u>, <u>supra</u>, at 682.

1           Thus, in a situation, for example, where DNA evidence is newly discovered, or a

2  new testing procedure is discovered, which was not available at the time of trial, or even initial

3  post-trial proceedings, and which would prove actual innocence, the AEDPA limitations period

4  would not start to run until the discovery of such evidence or procedure.  But there is no reason

5  to allow a petitioner to sit on such evidence after discovery until such time as petitioner feels the

6  time is right to bring it.

7           Assuming petitioner had a valid actual innocence claim, in order for the court to

8  determine whether it was timely, he would have to explain why it took him eight years to locate

9  Garrott and obtain her sworn declaration.  This he has not done.

10           Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to

11  assign a district judge to this action;

12           IT IS HEREBY RECOMMENDED that respondent's June 29, 2009, motion to

13  dismiss (no. 15) be granted.

14           These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

16  days after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19  shall be served and filed within ten days after service of the objections.  The parties are advised

20  that failure to file objections within the specified time may waive the right to appeal the District

21  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED: 10/14/09

23                                   /s/ Gregory G. Hollows

24                                   UNITED STATES MAGISTRATE JUDGE

25  mag47.157

26